**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
   Direct Dial:  (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:      al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 851752
   Direct Dial:  (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:      tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

    Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Premier Jets, Inc.,<br><br>            Debtor. | Case No. 14-30667-tmb11<br><br>**DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

      Premier Jets, Inc., the debtor and debtor-in-possession herein ("Debtor"), hereby applies to the Court for an order approving the employment of Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtor. Debtor makes this Application pursuant to 11 USC § 327 and Federal Rule of Bankruptcy Procedure 2014, and respectfully represents as follows:

**BACKGROUND**

      1.     On February 12, 2014, (the "Petition Date") Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

      2.     Debtor has continued in possession of its property and is continuing to operate and manage its business as debtor and debtor-in-possession pursuant to §§ 1107(a)

1   and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested or appointed
2   in Debtor's case.

3         2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C.
4   §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core
5   proceeding pursuant to 28 U.S.C. § 157(b)(2).

6         3.      Debtor has provided notice of this Application to its secured creditors,
7   the parties on its list of 20 largest unsecured creditors, and to the Office of the United States
8   Trustee.  No unsecured creditors' committee has yet been appointed in this case.  Because of
9   the nature of the relief requested, Debtor respectfully submits that no further notice of the
10  relief requested is necessary or required under the circumstances.

11        4.      Debtor is an Oregon corporation based in Hillsboro that has been in
12  operation for 30 years.  Debtor provides worldwide medical transport services, including air
13  ambulance and organ transplant mission services.  It also offers charter services and air
14  cargo services.  The company and its pilots and medical transport teams hold numerous
15  certifications from governmental oversight agencies and other independent accrediting
16  organizations.

17        5.      Debtor desires to retain and employ Tonkon Torp as counsel in this
18  Chapter 11 case, pursuant to Section 327 of the Bankruptcy Code, to represent Debtor in all
19  aspects of its bankruptcy, on the terms and subject to the conditions described below.

20        6.      Debtor believes that Tonkon Torp is well suited for this representation.
21  Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case.
22  In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate,
23  environmental, finance, litigation, real estate, regulatory, labor and tax expertise.

24        7.      Debtor has asked Tonkon Torp to advise it on its debt restructuring
25  and to render general legal services to Debtor as needed throughout the course of this
26  Chapter 11 case, including bankruptcy and restructuring, corporate, environmental, finance,

**Page 2 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

litigation, real estate, regulatory, securities, labor, and tax assistance and advice. Debtor is informed that Albert N. Kennedy and Timothy J. Conway, the attorneys at Tonkon Torp primarily involved in this Chapter 11 case, are admitted to practice before this Court and they have read Local Bankruptcy Rule 2016.

        8.     The services to be performed by Tonkon Torp are necessary in order for Debtor to perform its duties as a debtor-in-possession. Subject to the control of and further order of the Court, Tonkon Torp will be required to render the following services to Debtor.

        a.     Advise Debtor of its rights, powers and duties as debtor and debtor-in-possession continuing to operate and manage its business and properties under Chapter 11 of the Bankruptcy Code;

        b.     Take all actions necessary to protect and preserve Debtor's bankruptcy estate, including the prosecution of actions on Debtor's behalf, the defense of any action commenced against Debtor, negotiations concerning all litigation in which Debtor is involved, objections to claims filed against Debtor in this bankruptcy case, and the compromise or settlement of claims;

        c.     Advise Debtor concerning, and prepare on behalf of Debtor, all necessary applications, motions, memoranda, responses, complaints, answers, orders, notices, reports and other papers, and review all financial and other reports required from Debtor as debtor-in-possession in connection with administration of this Chapter 11 case;

        d.     Advise Debtor with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders, and related transactions;

        e.     Review the nature and validity of any liens asserted against Debtor's property and advise Debtor concerning the enforceability of such liens;

f.  Advise Debtor regarding (1) its ability to initiate actions to collect and recover property for the benefit of its estate; (2) any potential property dispositions; and (3) executory contract and unexpired lease assumptions, assignments and rejections, and lease restructuring and recharacterizations;

g.  Negotiate with creditors concerning a plan of reorganization; prepare the plan of reorganization, disclosure statement and related documents; take the steps necessary to confirm and implement a plan of reorganization, including, if needed, negotiations for financing the plan; and

h.  Provide such other legal advice or services as may be required in connection with this Chapter 11 case or the general operation and management of Debtor's business.

9.  Subject to Court approval, Debtor has agreed to compensate Tonkon Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly rates in effect on the date services are rendered. The Tonkon Torp professionals who will be primarily responsible for providing these services, their status and their current billing rates are as follows:

| Attorney Name | Status | Hourly Rate |
| --- | --- | --- |
| Albert N. Kennedy | Partner | $490.00 |
| Timothy J. Conway | Partner | $450.00 |
| Spencer Fisher | Paralegal | $150.00 |
| Leslie Hurd | Legal Assistant | $ 90.00 |
| Nancy Kennedy | Legal Assistant | $ 90.00 |

10.  From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtor in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule or for other appropriate reasons. Debtor has agreed

**Page 4 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

1    that Tonkon Torp will also be compensated for the services of these professionals at their
2    usual and customary hourly rates.

3            11.    Tonkon Torp will maintain detailed, contemporaneous time records of
4    expenses incurred with the rendering of legal services described above by category and
5    nature of services rendered.

6            12.    As disclosed in the Rule 2014 Verified Statement for Proposed
7    Professional filed herewith, Tonkon Torp has received retainers in the total amount of
8    $50,000 (the "Retainer") for services rendered prepetition in connection with this client.  In
9    the period prior to filing this Chapter 11 case, with Debtor's knowledge and consent, Tonkon
10   Torp applied $23,583.80 of the Retainer towards satisfaction of its prepetition fees rendered
11   through February 12, 2014 and $1,213.00 for the filing fee.  The remaining balance of
12   $25,203.20 is held as a retainer.

13           13.    Tonkon Torp has provided legal services to Debtor related to pre-
14   bankruptcy planning prior to the filing of the petition.  The total cost of pre-bankruptcy legal
15   services and related disbursements (excluding the filing fee) through February 12, 2014 was
16   $23,583.80 all of which was paid in full prior to the petition filing.

17           14.    Debtor agrees and understands that Tonkon Torp has reserved the right
18   to withdraw as counsel to Debtor, upon motion and Court approval, and Debtor hereby
19   consents to such a withdrawal, in the event it becomes apparent Tonkon Torp will not be paid
20   for its services.  Debtor also recognizes that professional fees and costs incurred by Tonkon
21   Torp are subject to approval by the Court after review of fee applications filed by Tonkon
22   Torp.

23           15.    To the best of Debtor's knowledge, the partners and associates of
24   Tonkon Torp do not have any connection with Debtor, its creditors, any other party in
25   interest, or their respective attorneys or accountants, except as stated in the accompanying
26   Rule 2014 Verified Statement of Proposed Professional.

**Page 5 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

1  For the reasons stated in this Application, Debtor requests that the Court enter
2  an order, in the proposed form attached hereto as Exhibit 1, authorizing it to employ Tonkon
3  Torp to represent Debtor in this Chapter 11 case as its attorneys herein to render legal
4  services as described above, with compensation and reimbursement of expenses to be paid as
5  an administrative expense in such amounts as may be allowed by this Court after notice and
6  hearing pursuant to Section 330 of the Bankruptcy Code.

7  DATED this 12th day of February, 2014.

8  PREMIER JETS, INC.

9  By */s/ Roger Kelsay*
   Roger Kelsay, President

12 TONKON TORP LLP

14 By */s/ Timothy J. Conway*
   Albert N. Kennedy, OSB No. 821429
15 Timothy J. Conway, OSB No. 851752
   Attorneys for Debtor

**Page 6 of 6** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

# EXHIBIT 1

## PROPOSED FORM OF ORDER

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Premier Jets, Inc.,<br><br>Debtor. | Case No. 14-30667-tmb11<br><br>**ORDER AUTHORIZING EMPLOYMENT OF TONKON TORP LLP AS ATTORNEYS FOR DEBTOR** |

    THIS MATTER having come on for a hearing on the application Premier Jets, Inc. ("Debtor"), for an Order to Employ Tonkon Torp LLP as Attorneys for Debtor [Dkt. #___]; the Court having reviewed the Application and accompanying statements, and being otherwise duly advised in the premises;

    NOW, THEREFORE, IT IS HEREBY ORDERED that Debtor be and hereby is authorized to employ the law firm of Tonkon Torp LLP as general counsel in all matters arising in or related to this proceeding as of the Petition Date, and is further authorized to pay said attorneys a reasonable fee for their services upon application and order of the Court.

# # #

**Page 1 of 2** - ORDER AUTHORIZING EMPLOYMENT OF TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

TONKON TORP LLP


By _____
    Albert N. Kennedy, OSB No. 821429
    Timothy J. Conway, OSB No. 851752
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:   503-221-1440
    Facsimile:    503-274-8779
    E-mail:       al.kennedy@tonkon.com
                   tim.conway@tonkon.com
    Attorneys for Debtor
cc:    List of Interested Parties

**Page 2 of 2** -    ORDER AUTHORIZING EMPLOYMENT OF TONKON TORP LLP AS ATTORNEYS FOR DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) Case No. _____ |
| | ) |
| | ) RULE 2014 VERIFIED STATEMENT |
| Debtor(s) | ) FOR PROPOSED PROFESSIONAL |

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)).  Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
                                         Applicant