

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

January 21, 2016

Timothy J. Conway
Tonkon Torp LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204

Mary Jo Heston
Lane Powell PC
601 SW Second Ave, Suite 2100
Portland, OR 97204

**VIA CM/ECF ONLY**

Re: *In re Premier Jets, Inc.*, Case No. 14-30667-tmb
Jointly administered with *In re Lifeguard Ambulance Corp.* (Case No. 14-32468-tmb11) and *In re Premier Jets Completion Center, Inc.* (Case No. 14-32470-tmb11)

Dear Counsel:

On October 13, 2015, creditor Premier Community Bank ("Premier") filed a Motion to Enforce Plan Remedy of Plan Trustee Based on Debtors' Defaults (the "Motion," ECF No. 389). At a hearing on December 16, 2015, Premier and Debtors confirmed that all issues raised in the Motion had been resolved with the exception of Premier's request for post-confirmation expenses and attorney fees. Premier's counsel submitted its unredacted billing statements (the "Invoices") for in camera review on or about December 22, 2015. I have reviewed the parties' briefs and the Invoices, and I write today to announce my ruling.

As an initial matter, I must address the reply brief filed by Premier on January 12, 2016 (the "Reply," ECF No. 406). Debtors elected not to file a response, and thus have moved to strike the Reply as unauthorized. I agree with Debtors, and an order will be entered concurrent with this letter, striking the Reply.

Moving to the merits of the dispute, Debtors argue that neither the confirmed plan nor the Amended and Restated Secured Promissory Note ("Note") contain an attorney fee provision. Debtors' Mem. in Opp. to Motion (ECF No. 400) at 2. Although it is true that the plan is silent on this issue, the Note does, in fact, require Debtors to

> reimburse [Premier] on demand for all reasonable out-of-pocket costs, expenses and fees (including reasonable expenses and fees of its external counsel) incurred by [Premier] in connection with (a) the reporting and inspection requirements under this Note and the Plan . . . (b) enforcement of this Note and Lender's rights hereunder and under the Security Agreements, and (c) the prosecution or defense of any action in any way related

>to the Note or any of the related documents . . . including . . . in connection with any bankruptcy proceeding.

Note (Supp. Stip. Facts, ECF No. 399, Exh. 12, § 8.2.). Debtors argue that Premier seeks reimbursement for fees that are outside the scope of this provision. I disagree. Debtors object to fees that relate to implementation of the confirmed plan or liquidation of certain collateral. Such activities are sufficiently related to Premier's enforcement of its rights under the governing loan documents and are related to the currently pending bankruptcy case. I therefore conclude that the fees reflected in the Invoices are properly recoverable under the Note.

Debtors also object that Premier hired a non-local inspector to examine certain items of collateral. Debtors signed a contract that includes a provision for recovery of expenses—the contract does not specify that Premier's contractors must be hired locally, thus there is nothing per se unreasonable about Premier's decision to hire a Texas-based inspector. Debtors bear the burden of proving that the inspection fees are unreasonable, but have not satisfied this burden because they provide no evidence of what a local inspector would have cost.

Counsel for Premier should upload an order within fourteen days of entry of this letter.

Very truly yours,

Trish M. Brown